UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy J. Heinz | ) | CASE NO: 5:24CV00757 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| State of Ohio, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**I. Introduction and Background**

*Pro se* plaintiff Timothy J. Heinz filed this fee-paid action against the State of Ohio, Ohio Attorney General David Yost, Eric N. Lindsey, Eradal, Inc., Judge Laurie Pittman, and Fidelity National Title Insurance Company (Doc. No. 1).

Plaintiff's complaint is largely incomprehensible and difficult to decipher, consisting of conclusory legal allegations and very few facts in support of his purported claims. As best the Court can discern, Plaintiff is once again challenging a 2014 foreclosure action brought against him in state court. *See HSBC Mortgage Serv. Inc. v. Joanne Heinz*, Case No. 2014CV00409 (Portage Cnty. Ct. of Common Pleas filed May

22, 2014) (the "foreclosure action"). A final judgment in foreclosure was entered against Plaintiff in February 2016. *Id.*

Plaintiff subsequently pursued multiple unsuccessful actions in state court challenging the foreclosure action, which resulted in the state court declaring Plaintiff a vexatious litigator. *See Heinz v. Eric N. Lindsey*, No. 2021CV00249 (Portage Cnty. Ct. of Common Pleas March 11, 2022).

Plaintiff also challenged the 2014 foreclosure action in federal court. He attempted to remove the foreclosure action to federal court in May 2020, nearly six years after it had been filed. United States District Judge Solomon Oliver, Jr. remanded that action to state court, *HSBC Mortgage Serv., Inc. v. Heinz*, No. 5:20CV0966 (N.D. Ohio Aug. 27, 2020) ("*Heinz I*"), and the Sixth Circuit dismissed Plaintiff's appeal, *HSBC Mortgage Serv., Inc. v. Heinz*, No. 20-3988, 2020 U.S. App. LEXIS 33270 (6th Cir. Oct. 21, 2020).

Plaintiff then filed four additional *pro se* actions in federal court that have been dismissed. *See Heinz v. HSBC Mortgage Serv., Inc.*, No. 5:21CV0542, 2021 U.S. Dist. LEXIS 203680, 2021 WL 4942198 (N.D. Ohio Oct. 22, 2021) ("*Heinz II*") (Lioi, J.); *Heinz v. ERADAL, Inc.*, No. 5:21CV2263, 2022 U.S. Dist. LEXIS 51397, 2022 WL 845088 (N.D. Ohio March 22, 2022) ("*Heinz III*") (Adams. J.); *Heinz v. Clerk Portage Cnty. Ct. of Common Pleas*, No. 5:22CV392, 2022 U.S. Dist. LEXIS 90788, 2022 WL 1591648 (N.D. Ohio May 19, 2022) ("*Heinz IV*") (Adams, J.); *Heinz v. Folland*, No. 5:22CV0576, 2022 U.S. Dist. LEXIS 143918 (N.D. Ohio Aug. 11, 2022) ("*Heinz V*") (Pearson, J.). Plaintiff appealed the district court's decisions in *Heinz III* and *Heinz V*, and the Sixth Circuit affirmed. *See Heinz v. Eradal, Inc.*, No. 22-3615, 2023 U.S. App.

2

LEXIS 5563 (6th Cir. Mar. 8, 2023) and *Heinz v. Folland*, No. 22-3791, 2023 U.S. App. LEXIS 7955 (6th Cir. Apr. 3, 2023). In *Heinz V*, the district court determined that Plaintiff's complaint was barred by *Rooker-Feldman* and *res judicata*, and the Court warned Plaintiff that he may be declared a vexatious litigator and sanctions may be imposed upon him if he files any future meritless or frivolous lawsuit in federal court relating to the foreclosure or foreclosure action. *See Heinz V*, 2022 U.S. Dist. LEXIS 143918, at * 10.

In this complaint, Plaintiff seeks to challenge the foreclosure action again. He alleges that the defendants committed illegal acts that resulted in the improper sale of his private property in the foreclosure action and he was subsequently arrested while occupying his former property after it was sold to Defendant Lindsey. (Doc. No. 1 at 16-18). He appears to state five claims: (1) Obstruction upon attempted recordation; (2) No duly perfected interest; (3) An audit trail shows no standing by the foreclosing entity; (4) Senate Document 43 shows the government owns the land; and (5) "the Court Registry Investment System's alleged profit prevented the defendants from reversing the manifest injustice committed when they sold Plaintiff's home." (*See* Doc. No.1 at 42-49).

Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Doc. Nos. 10, 11, 19, and 21), arguing Plaintiff's complaint fails to state a claim for relief against them and his claims are barred by the *Rooker Feldman* doctrine and *res judicata*. Plaintiff opposes the motions.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The defendant may

3

make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of establishing that jurisdiction exists. *Taylor v. KeyCorp*, 680 F.3d 609, 615 (6th Cir. 2012) (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d

248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## III. Discussion

### A. Rooker Feldman Doctrine

To the extent Plaintiff is asking this Court to vacate the state court foreclosure judgment and enter judgment in his favor, the *Rooker-Feldman* doctrine bars this Court's consideration of his claims. Under the *Rooker-Feldman* doctrine "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Fin.*, 278 Fed. App'x. 607, 608-609 (6th Cir. 2008). *Rooker-Feldman* stops federal-court "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 609 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). Federal district courts do not have jurisdiction over challenges to state court decisions, even if those decisions are unconstitutional. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 2d 362, 68 L. Ed. 362 (1923).

At their core, Plaintiff's claims rest on the premise that the foreclosure judgment entered by the state court is wrong. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. *See Kafele v.*

5

*Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x. 487, 490 (6th Cir. 2005) (affirming dismissal of claims resting on premise that a state foreclosure judgment was invalid).

### B. Res Judicata

To the extent Plaintiff seeks to relitigate the foreclosure action, *res judicata* bars Plaintiff's claims.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both requirements are met in this case. And the claims asserted in this action could and should have been asserted in the state foreclosure court.

Plaintiff is therefore barred from litigating these issues again.

### C. Vexatious Litigator

Up to this point, the courts in this district have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system. It is apparent that unless this Court takes steps to curtail his filings, he will continue to bring frivolous actions to challenge the 2014 foreclosure action and the

subsequent court decisions that deny his attempts to relitigate that action. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 U.S. App. LEXIS 5470, 1995 WL 111480 (6th Cir. Mar. 15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).

Plaintiff has established a pattern of filing complaints in this Court that are patently frivolous and vexatious and that appear calculated to harass the defendants and abuse the judicial process. Accordingly, Timothy J. Heinz is permanently enjoined from filing any new lawsuits without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file, and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (1) the full caption of each and every suit which has been previously filed by him or on his behalf in any

> court against each and every Defendant in any new suit he wishes to file, and (2) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the Motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing Paragraph 3 and a certified record of its disposition.

The Court may deny any Motion Pursuant to Court Order Seeking Leave to File if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion Pursuant to Court Order Seeking Leave to File, and it may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is ordered as follows:

> 1. Any document submitted by Plaintiff prior to him obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains: (1) an affidavit or sworn declaration as required by this order, (2) a copy of this Memorandum of Opinion, and (3) the exhibits required by this Memorandum of Opinion.
>
> 2. The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, U.S. Marshal Forms, subpoenas, letters, or exhibits in connection with any Motion Pursuant to Court Order Seeking Leave to File which Plaintiff files, unless and until leave is granted.

### IV. Conclusion

Accordingly, the Court **GRANTS** Defendants' motions to dismiss (Doc. Nos. 10, 11, 19, and 21), and it is hereby ORDERED, ADJUDGED, and DECREED that this action is **DISMISSED**. Further, Plaintiff Timothy J. Heinz is permanently **ENJOINED** from filing new cases without first requesting and obtaining leave of court in accordance with the terms set forth in this Opinion and Order.

**IT IS SO ORDERED.**

August 14, 2024                          */s/ John R. Adams*
                                                       JUDGE JOHN R. ADAMS
                                                       UNITED STATES DISTRICT COURT